UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 21-cr-0222 (WMW/ECW) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Drayton Dean Wilson, | |
| Defendant. | |

Before the Court is the March 9, 2022 Report and Recommendation (R&R) of United States Magistrate Judge Elizabeth Cowan Wright. (Dkt. 39.) For the reasons addressed below, the Court overrules Defendant Drayton Dean Wilson's objections and adopts the R&R.

## BACKGROUND

On October 19, 2021, a grand jury indicted Wilson on one count of receipt of child pornography and two counts of possession of child pornography. On December 18, 2021, Wilson filed the pending motion to suppress evidence. In particular, Wilson moves to suppress evidence obtained during searches of Wilson's email accounts, Facebook account, residence, and vehicle. Wilson argues that the applications and affidavits supporting the search warrants for Wilson's email accounts and Facebook account fail to establish probable cause for the searches because the information contained therein was stale. He also argues that the application and affidavit for the search warrant pertaining

to his residence and vehicle fail to establish a sufficient nexus between the places to be searched and the alleged illegal activity.

In a March 9, 2022 R&R, the magistrate judge recommends denying the motion to suppress. Wilson timely objected to the R&R. Plaintiff United States of America moves to strike Wilson's objections.[1]

## ANALYSIS

Wilson objects to the R&R's recommendation that the warrants issued to search Wilson's email and Facebook accounts were supported by probable cause. This Court reviews *de novo* those aspects of an R&R to which a defendant objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3); LR 72.2(b)(3); *accord Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).

Wilson does not dispute the R&R's conclusion that the information provided in the applications for the search warrants was not stale. Instead, Wilson argues that the warrants were defective because they did not establish probable cause to examine other files found in the Facebook and email accounts. The United States contends that the Court should not consider Wilson's objection because Wilson failed to raise this argument before the magistrate judge.

---

[1] Because a motion to strike an objection to an R&R is not authorized by the Federal Rules of Civil Procedure or the Local Rules of this District, *cf. Carlson Mktg. Grp., Inc. v. Royal Indem. Co.*, No. 04-CV-3368, 2006 WL 2917173, at *2 (D. Minn. Oct. 11, 2006) (observing that a memorandum of law is not a proper target of a motion to strike and collecting cases), the Court denies the United States's motion to strike and construes the substance of the motion as a response to Wilson's objections.

2

A district court will not consider arguments raised for the first time in an objection to an R&R.  *See Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (arguments not presented to the magistrate judge are waived); *Hammann v. 1–800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947–48 (D. Minn. 2006) ("A party cannot, in his objections to an R & R, raise arguments that were not clearly presented to the magistrate judge.").  Here, Wilson argued before the magistrate judge that the information relied on in the applications and affidavits for the Facebook and email search warrants was stale.  In his objection to the R&R, however, Wilson raises different arguments as to why there was no probable cause to issue these search warrants.  Wilson now asserts that the information in the search warrant for one of his email accounts identified only two files depicting pornography.  As a result, Wilson argues, the search warrant did not establish probable cause to examine any other files from that email account.  And the search warrants pertaining to Wilson's other email account and Facebook account are premised on information obtained from the search of the first email account.  Because Wilson did not raise these arguments before the magistrate judge, the Court declines to consider them.  *See United States v. Frazier*, 280 F.3d 835, 844–45 (8th Cir. 2002) (holding that defendant waived suppression argument that was first raised in objection to the magistrate judge's report and recommendation); *see also United States v. Chavez Loya*, 528 F.3d 546, 555 (8th Cir. 2008) (holding that the district court did not abuse its discretion by declining to consider argument raised for the first time in motion to reopen objections to the magistrate judge's report and recommendation).  Accordingly, Wilson's objections to the R&R are overruled.

Because Wilson does not specifically object to any other aspect of the R&R, the Court reviews the remainder of the R&R for clear error. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59; *United States v. Newton*, 259 F.3d 964, 966 (8th Cir. 2001); *accord Grinder*, 73 F.3d at 795. Having carefully performed this review, the Court finds no clear error and adopts the R&R.

## ORDER

Based on the R&R, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Drayton Dean Wilson's objections to the March 9, 2022 R&R, (Dkt. 42), are **OVERRULED**.

2. The March 9, 2022 R&R, (Dkt. 39), is **ADOPTED**.

3. Defendant Drayton Dean Wilson's motion to suppress evidence, (Dkt. 30), is **DENIED**.

4. Plaintiff United States of America's motion to strike, (Dkt. 47), is **DENIED**.

Dated: June 8, 2022        s/Wilhelmina M. Wright
                           Wilhelmina M. Wright
                           United States District Judge